UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 3SHAPE A/S,<br><br>        Plaintiff,<br><br>  v.<br><br>CARESTREAM DENTAL, LLC, DENTAL IMAGING TECHNOLOGIES CORP., and DENTAL IMAGING TECHNOLOGIES CORP. d/b/a DEXIS,<br><br>        Defendants. | Civil Action No.<br>1:22-cv-01829-WMR |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION**

This Report and Recommendation concerns Defendants Dental Imagine Technologies Corp.'s and Dental Imaging Technologies Corp. d/b/a DEXIS's (collectively, "DITC") Motion to Compel Discovery from Plaintiff 3Shape A/S (3Shape"). The Special Master submits this Report and Recommendation under the Court's March 22, 2023 Order [Dkt. 172] referring the Motion to Compel (the "Motion") to the Special Master.

In the Motion, DITC asks this Court to compel discovery relating to four general categories of documents and information: "(1) financial information, (2) damages contentions, (3) validity contentions, and (4) source code." Dkt. 171.

After reviewing the parties' briefing, the Special Master recommends the Court **grant in part** and **deny in part** DITC's Motion to Compel.

## I.   FACTUAL BACKGROUND

3Shape sued Carestream Dental, LLC ("Carestream") on October 26, 2021, in the Western District of Texas alleging infringement of three patents. Dkt. 1. On April 20, 2022, DITC acquired Carestream and its intraoral scanner businesses. Dkt. 89 at 3. The parties thereafter agreed to transfer the case to the Northern District of Georgia. Dkt. Nos. 35, 36.

On June 17, 2022, 3Shape amended its complaint to add DITC as a party after Carestream alleged it was no longer a proper party due to the April 20, 2022

1

acquisition. Dkt. 82. A couple of weeks later, 3Shape amended its complaint on June 28 to add another patent. Dkt. 86.

The parties exchanged initial discovery requests on September 12, 2022. Dkt. 171-1 at 2. Both parties served objections and responses about one month later, on October 14. *Id.*; Dkt. Nos. 171-7; 171-9. Thereafter, the parties had several conferences regarding each party's respective deficient discovery responses. Dkt. Nos. 171-2 at ¶ 10; 171-3; 171-4; 171-5; 171-6.

On March 31, 2023, DITC filed the instant Motion. Dkt. 171. DITC moves this Court to compel documents and supplementation in response to DITC's discovery requests seeking 3Shape's (1) financial information; (2) damages contentions; (3) validity contentions; and (4) source code. *Id*.

Under the current Scheduling Order, fact discovery is set to close on May 12, 2023. Dkt. 90. "[T]he discovery period may be extended under Patent L.R. 6.7 to approximately June 8, 2023, and potentially longer, depending on when the Court enters its claim construction ruling." *See* Dkt. 179 at 2. There is currently no trial date set. Dkt. 90.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Relevant information is discoverable even if it is not admissible at trial. Fed. R. Civ. P. 26(b)(1).

"The Federal Rules of Civil Procedure … strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). This is because the overall purpose of discovery is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. *See Brunson v. PHH Mortg. Corp.*, 342 F.R.D. 315, 319 (M.D. Fla. 2022) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). However, the Court can limit discovery when:

> (i) [it] is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound "discretion of the trial court." *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The

trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party." *See id.* (quoting *Hastings v. N.E. Independent School District*, 615 F.2d 628, 631 (5th Cir. 1980)).

### III.  ANALYSIS OF THE MOTION TO COMPEL

Given the legal principles above, and for the reasons explained below, the Special Master recommends granting-in-part and denying-in-part DITC's Motion to Compel.

**A. Financial Information: Request Nos. 11, 14-20.**

DITC's Requests for Production Nos. 11 and 14-20 generally seek documents and information related to 3Shape's revenue, costs, expenses, financial projections, and royalties associated with 3Shape's asserted patents. Dkt. 171-1 at 6-7. In response, 3Shape asserts it "produced updated financial documents responsive to [DITC's Requests]" and "pointed DITC to responsive publicly available information." Dkt. 179 at 4. 3Shape further contends it is "currently unaware of any responsive documents that exist." *Id.* In its reply, DITC alleges the financial documents produced by 3Shape "do not include key information requested by [DITC]." Dkt. 190 at 2.

Based on argument and evidence provided by both parties, at no point did 3Shape ever refuse to produce or otherwise withhold documents and information responsive to DITC's requests for financial information. *See* Dkt. Nos. 171-3; 171-4; 171-5; 171-6. Prior to DITC filing this Motion, 3Shape agreed to, and did in fact, supplement its financial document production. Dkt. 179-2. While DITC complains 3Shape's production does not provide the information it specifically seeks, DITC's complaints are no more than speculation. Furthermore, there is no requirement for 3Shape to create documents responsive to DITC's requests for financial information that do not already exist. *Washington v. Garrett*, 10 F.3d 1421, 1437 (9th Cir. 1993).

Additionally, while 3Shape contends it informed DITC on multiple occasions it was unaware of any other documents responsive to the financial information requests, DITC provides no argument or evidence it ever sought a sworn statement by 3Shape affirmatively advising DITC of the same, or that 3Shape otherwise refused to provide such a statement. Based on the argument and evidence from both parties, the Special Master agrees with 3Shape. There is nothing to compel here at this time. The Special Master therefore recommends the Court deny DITC's Motion to Compel the production of documents related to the financial information.

### B. Damages Contentions: Interrogatory No. 6.

DITC's Interrogatory No. 6 seeks information regarding 3Shape's damages theories. Dkt. 171-1 at 8. 3Shape contends DITC seeks a "fulsome expert report on patent damages" and that it responded "it will seek damages under either the lost profits and/or reasonable royalty theories." Dkt. 179 at 5-6. 3Shape also points out that DITC provided a similar response to 3Shape's discovery requests for damages theories. Dkt. 179-3 at 7.

The Special Master notes both parties have had sufficient time to conduct discovery and obtain facts to support their respective damages theories. While 3Shape is not required to provide a precise assessment of damages, the legal theory, as well as documents and information supplying the facts to support 3Shape's damages claim, do not require expert opinion. *See Mobile Storage Tech., Inc. v. Fujitsu Ltd.*, No. C 09-03342 JF (PVT), 2010 U.S. Dist. LEXIS 44578, at *2-3 (N.D. Cal. Mar. 31, 2010); *see also U.S. ex rel. Tyson v. Amerigroup Ill., Inc.*, 230 F.R.D. 538, 543-544 (N.D. Ill. 2005) (observing that damages contention interrogatories are commonplace and appropriate under the liberal discovery rules).

Accordingly, the Special Master recommends DITC's Motion to Compel further response to Interrogatory No. 6 be granted. However, the Special Master

cautions DITC that its own response to 3Shape's damages contentions interrogatory is similarly deficient and, accordingly, vulnerable to a similar motion to compel.

### C. Validity Contentions: Interrogatory No. 3

DITC's Interrogatory No. 3 seeks facts and information related to 3Shape's validity contentions:

> **INTERROGATORY NO. 3:** Describe in detail Your factual and legal basis, including all evidence, documents, testimony, and support of the validity of each asserted claim of the Asserted Patents, including but not limited to any Documents in support of such facts, testimony from past cases in support of such facts, and an identification of the Persons most knowledgeable of the facts forming the basis of this response.

Dkt. 171-1 at 11. 3Shape responds it "provided a substantive initial response explaining the bases for validity." Dkt. 179 at 7-8. Furthermore, 3Shape contends supplementation is premature because the DITC's interrogatory seeks "a fulsome expert report on validity" and there is no claim construction order. *Id.* at 8. Finally, 3Shape asserts DITC's invalidity contentions do not provide 3Shape with reasonable notice of its invalidity theories. *Id.* at 8-9. Specifically, 3Shape argues DITC's invalidity contentions include hundreds of prior art combinations and barebone Section 112 allegations. *Id.* at 9.

"The ultimate burden of invalidity . . . does not dictate the scope of discovery." *SPH Am., LLC v. Rsch. in Motion, Ltd.*, No. 13cv2320 CAB (KSC), 2016 U.S. Dist. LEXIS 195034, at *6 (S.D. Cal. Aug. 16, 2016) (citing Fed. R. Civ. P. 26(b)(1)).

Indeed, "[n]owhere in the Federal Rules of Civil Procedure is it required that a party who carries the ultimate burden on an issue at trial must establish a prima facie case before it is entitled to discover information the other party may use to rebut the prima facie case." *McKesson Info. Sols. LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007). The fact that expert reports are due at a later date does not excuse 3Shape from disclosing responsive information regarding the underlying factual basis of its claims. *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2017 U.S. Dist. LEXIS 57013, at *8 (N.D. Cal. Apr. 13, 2017); *see also Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-HLM, 2015 U.S. Dist. LEXIS 179674, at *20 (N.D. Ga. July 31, 2015), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 179810 (N.D. Ga. Sept. 22, 2015):

> [i]nterrogatory . . . did not ask for the expert's opinion or a conclusion of law, which, of course, would have been rightfully objectionable. Rather, the interrogatory asked which facts and legal theories Plaintiffs intend to rely on. The fact that an expert would ultimately put the facts together to support the legal theory in an opinion is of no consequence as to whether a responding party must timely supplement such an interrogatory.).

The Special Master has reviewed 3Shape's response to DITC's Interrogatory No. 3 and agrees with DITC. 3Shape's response, while four pages long, only raises issues with DITC's invalidity contentions. Dkt. 171-7 at 5-9. The response provides no underlying factual basis supporting 3Shape's validity claims. *Id.*

As previously discussed, the parties have been engaged in discovery since September 2022. While 3Shape is not required to provide a fulsome detailed expert report on validity at this time, it is required to provide information about the underlying factual basis of its claims. Thus, the Special Master recommends the Court grant DITC's motion to compel 3Shape to supplement its response to Interrogatory No. 3.

### D. Source Code: Request No. 27

DITC's Request No. 27 generally seeks source code related to any prototypes, products, or services covered by the asserted patents or related patents. Dkt. 171-1 at 13. 3Shape responds it has provided the source code to DITC to inspect. Dkt. 179 at 13. DITC replies 3Shape's source code production does not contain any "foundational components necessary to comprehend the functionalities related to the '151 patent." Dkt. 190 at 11.

Nowhere in DITC's Request No. 27 does it seek any "foundational components necessary to comprehend the functionalities" of the patents. Dkt. 171-1 at 13. Case law supports the position that a producing party must "provide a guide or road map to its source code" in response to discovery asking the defendant to describe the steps to its technology where the producing party only provided source code under Rule 33(d). *See Facedouble, Inc. v. Face.com, Inc.*, No. 12cv1584-DMS

9

(MDD), 2014 U.S. Dist. LEXIS 19245, at *6 (S.D. Cal. Feb. 13, 2014); *LaserDynamics, Inc. v. Asus Comput. Int'l*, No. 2:06-CV-348, 2009 U.S. Dist. LEXIS 3878, at *8 (E.D. Tex. Jan. 21, 2009) (reliance on source code citations without narrative description of functionality insufficient in response to interrogatory on functionality of product).

However, DITC failed to provide any authority supporting its position 3Shape must provide information in addition to what was expressly requested in Request No. 27. DITC acknowledges 3Shape provided the source code as requested by Request No. 27. As such, the Special Master recommends the Court deny the motion to compel as to Request No. 27 as moot.

## IV.  CONCLUSION

For the reasons outlined above, the Special Master recommends granting-in-part and denying-in-part DITC's Motion to Compel.

Respectfully submitted, this 9th day of May, 2023.

/s/ *William B. Dyer*
William B. Dyer III, Special Master
GA Bar No. 236915
LEE & HAYES, P.C.
75 14th Street NE, Suite 2500
Atlanta, GA 30309
Telephone: (404) 815-1900
Facsimile: (404) 815-1700
Email: bill.dyer@leehayes.com
