IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 3SHAPE A/S,<br><br>    Plaintiff,<br><br>v.<br><br>CARESTREAM DENTAL, LLC, DENTAL IMAGING TECHNOLOGIES CORP., and DENTAL IMAGING TECHNOLOGIES CORP. d/b/a DEXIS,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>1:22-cv-01829-WMR |

# ORDER

This Order addresses Special Master William B. Dyer III''s Report and Recommendation ("R & R") [Doc. 200], which recommends granting in part and denying in part the Motion to Compel Discovery [Doc. 171] filed by Defendants Dental Imaging Technologies Corp. and Dental Imaging Technologies Corp. d/b/a DEXIS (collectively, "DITC"). This Order also addresses the related Motion for Sanctions and to Enforce Special Master's R & R on Motion to Compel [Doc. 215] filed by DITC and Motion to Compel Discovery [Doc. 219] filed by Plaintiff 3Shape A/S ("3Shape").

1

Pursuant to the Order referring this case to the Special Master [Doc. 95], the R & R [Doc. 200] was adopted as an order of the Court on June 2, 2023, as no party objected.[1] [*See* Doc. 95, ¶ 11 ("Absent timely objections, the Orders, findings, and Reports and Recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly states otherwise.")]. For clarity, the Court notes that it has reviewed the R & R and finds no error. *See* Fed. R. Civ. P. 53(f). The Court therefore expressly **ADOPTS** the Special Master's R & R as the opinion of the Court in this Order.

Regarding the Parties' related Motions to Compel [Docs. 215, 219], the Court **DISMISSES** the Motions for failure to comply with the Court's Standing Order. [*See* Standing Order Regarding Civil Litigation at 13]. The Standing Order requires the following:

> Prior to filing a discovery motion, the movant-after conferring with the respondent in a good faith effort to resolve the dispute by agreement-should contact Ms. Lundy and advise her that the movant seeks relief with respect to a discovery matter. Ordinarily, Ms. Lundy will request that each side submit a brief statement of the issues (a 1-2 page letter). The Court will either decide the matter based on the submissions, schedule a conference call with counsel, or authorize counsel to file a formal motion.[2]

---

[1] Both parties acknowledge that this R & R was already adopted as an order of the Court. [*See* Doc. 215-1 at 5; Doc. 220 at 8].

[2] The Standing Order states that "Sherri Lundy is your principal point of contact on matters related to this case," and it lists her contact information. [*Id*. at 4].

[*Id.*]  Here, the Parties did not contact Ms. Lundy regarding this discovery dispute, and the Court did not authorize the Parties to file motions regarding their disputes. The Court therefore dismisses the Motions.

The Court **DIRECTS** the Parties to confer in good faith about their discovery disagreements.  If the Parties cannot resolve their disagreements, the Parties should send letters, in accordance with the Standing Order page limits, to both Ms. Lundy and the Special Master.  The Court **DIRECTS** the Special Master to review any such letters and to conduct a conference call with counsel, if necessary.[3] If the Special Master fails to informally resolve the disputes, the Parties may file, or renew, their respective Motions to Compel.  The Court would then refer any such Motions to the Special Master for a Report and Recommendation as to how the discovery disputes should be resolved  The Parties would then have fourteen days after the issuance of the Report and Recommendation to file any objections.  [*See* Doc. 95 at 6].  At that point, the Court would "adopt or affirm, modify, wholly or partly reject or reverse" the Special Master's Report and Recommendation.  Fed. R. Civ. P. 53(f)(1).

**IT IS SO ORDERED**, this 15th day of September, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that, "[w]hile overseeing discovery, the Special Master shall have the rights, powers, and duties provided in Fed. R. Civ. P. 37, and may adopt such procedures as are not inconsistent with Rule 37, Rule 53, or with this or other orders of the Court." [Doc. 95 at 4].